United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10640
Conference Calendar

LAWRENCE LEE ADAMS,

                    Plaintiff-Appellant,

versus

ROBERT TREON, Warden; ANGELA MILBERN, Administration Tech
III; TEXAS DEPARTMENT OF CRIMINAL JUSTICE POSTAL SERVICE,

                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:02-CV-205
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Lawrence Lee Adams, Texas inmate # 870917, has filed a
motion in this court to proceed in forma pauperis (IFP) in the
appeal of the dismissal of his civil rights complaint under 28
U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Adams's
complaint alleged that prison officials caused him to miss a
filing deadline for a petition for a writ of certiorari with the
Supreme Court.  The district court took judicial notice that the
Supreme Court had considered and denied the petition for writ of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certiorari that Adams alleged was untimely due to the defendants' actions.

The district court certified that, pursuant to 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a)(3), Adams's appeal was not taken in good faith. In the instant motion, Adams makes no reference to the district court's certification decision or the reasons for the dismissal. Thus, Adams has not shown that he will raise a nonfrivolous issue on appeal or that the district court erred in certifying that his appeal was not taken in good faith. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, Adams's motion for leave to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. See Baugh v. Taylor, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

The district court's dismissal of Adams's civil rights complaint counts as a "strike" for purposes of 28 U.S.C. § 1915(g), and the dismissal of this appeal as frivolous also counts as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Adams is WARNED that, if he accumulates three "strikes" pursuant to 28 U.S.C. § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.